Mills, C. J., Crumpacker, Parker and Leland, JJ., concur.

---

[No. 766.    September 24, 1898.]

JOHN SOLOMON, Plaintiff in Error, v. EMILIA YRISARRI, Defendant in Error.

SYLLABUS BY THE COURT.

EJECTMENT—TRIAL—EVIDENCE—VERDICT—REQUESTS TO FIND—TITLE.—

1. Where there is no substantial conflict in the evidence adduced by the parties plaintiff and defendant, the court may direct a verdict.

2. Where one party wholly fails to make proof of the essential elements necessary to sustain his side of the contention in a suit, and the adverse party has made a prima facie case, the court should direct a verdict for the adverse party.

3. When a party fails to make his proof in a trial, requests for special findings of the jury are properly refused by the court.

4. Open, notorious and adverse possession by a claimant to real estate for the statutory period, either by himself or by those through or under whom he held ripens into a perfect title.

     (a) That paper writings may constitute a foundation for title or a link in a chain of title, they must be executed according to the laws in force at the time of their execution.

*Error*, from a judgment for plaintiff, to the Second Judicial District Court, Bernalillo County. Affirmed.

The facts are stated in the opinion of the court.

WARREN, FERGUSSON & GILLETT for plaintiff in error.

If the plaintiff below had only made a scintilla of proof of her right to recover, the case should have been submitted to the jury.   2 Thomp. on Trs., sec. 2446, and citations; Woods v. Insurance Company, 50 Mo. 112.

Where there is a conflict of evidence it is the duty of the court to submit the case to the jury.   Chaves v. Chaves, 3 N. M. 300; Kirschner v. Laughlin, 17 Pac. Rep. 132; Staab v. Reynolds, Id. 136; Lockhart v. Wills, 50 Id. 318; Railroad Co. v. Stout, 17 Wall. 665; Railway Co. v. Parker, 21 So. Rep. 332; Bell v. Weatherly, Id. 236; Heatherly v. Little, 40 S. W. Rep. 445; Sullivan v. Insurance Co., 8 Pac. Rep. 112; Harlan v. Baden, 49 Pac. 615.  ·

Right to real estate acquired by adverse possession under claim of rights, but without title or color of title, are limited to the lands actually occupied.   Barr v. Gratz, 17 U. S. 213; 1 Am. Dig. [Cent. Ed.] 2451, sec. 542; Le Jeune v. Harmon, 45 N. W. 630.

The plaintiff below, if entitled to recover any part of the land,  could have only recovered her portion of it that was cultivated, as against the defendant below.   Bristol v. Carroll County, 95 Ill. 84; Tyler on Eject. 894; 2 Am. and Eng. Ency. of Law 861; Royall v. Lessee of Lisle, 60 Am. Dec. 712; McSpadden v. Star Mt. I. Co., 42 S. W. Rep. 501.

Under the evidence in this cause the special findings asked should have been made by the jury, and a refusal to submit said special findings was error.   Morrow v. Commissioners, 21 Kan. 484, 503; 2 Thomp. on Trs., sec. 2670.                •

WILLIAM D. LEE for defendant in error.

It has been held where a defendant entered under plaintiff, whether by purchase, gift, lease  or otherwise, he can not dispute his title.   Williams v. Cash, 27 Ga. 512; Woolfolk v. Ashby; 2 Met. (Ky.) 288.

The evidence clearly shows that plaintiff below had, through her guardian, been in adverse, uninterrupted possession for about twelve years, and, through her father, from whom she inherited the property in question, as much as twelve years more. This creates in her a title indisputable. Harpending v. Dutch Church, 16 Pet. 453; Probst v. Presbyterian Church, 129 U. S. 191; Bradstreet v. Huntington, 5 Pet. 402.

The submission of specific questions is within the discretion of the court. Enor v. St. Paul Ins. Co., 57 N. W. Rep. 519.

"Where on undisputed facts plaintiff is entitled to recover, it is not error to instruct the jury to find for the plaintiff." Macon County v. Shores, 97 U. S. 272; Orleans v. Platt, 99 U. S. 676; Anderson County v. Beall, 113 U. S. 227.

LELAND, J.—This cause comes into this court on error to the district court of Bernalillo county. Plaintiff in error makes the following assignments of error, to wit:

1. "The evidence being conflicting, the court below erred in directing a verdict for plaintiff."

2. "The trial court erred in deciding that there was sufficient evidence to entitle plaintiff below to recover in this cause."

3. "The court erred in refusing to submit to the jury in this cause the special findings asked for by defendant below."

4. "The court erred in overruling the motion for a new trial of this cause."

5. "The court erred in allowing plaintiff below to recover the whole of the land in litigation."

As to the first assignment of error, we are of the opinion that when there is not a "substantial" conflict in the evidence adduced by the respective parties the court is fully warranted in directing a verdict. If the evidence adduced by a party to a suit is of such a character that should the party obtain a verdict the court would set aside the verdict and grant a new trial, the court surely has a right to anticipate its own action

EVIDENCE: verdict.

by directing a verdict.    The conflict in the evidence in this case is not of such character as to cause the case to fall within the rule laid down in 3 N. M. 300.

As to the second assignment of error, the record discloses that this is an action in ejectment, and that both plaintiff in error and defendant in error claim the realty in dispute from one common source of title, and the plaintiff below having proved a prima facie good title, from this common source to the present, by the fixed and well settled rules of the law of evidence, and the defendant below having failed to show any such title, the court, being the sole judge of the law in this case, had a right, under such state of facts, to decide upon the sufficiency of the evidence and direct a verdict in favor of the plaintiff below.

EJECTMENT: trial: evidence: verdict.

The third assignment of error is not well taken because the plaintiff's evidence prima facie shows a legal estate in the premises existing in plaintiff below, at the commencement of the suit, and a right of entry in plaintiff below, and that at commencement of the suit the defendant below was in possession of the premises, these being the three elements of the action that plaintiff must establish.    After the introduction of evidence by the plaintiff below tending strongly to prove each and all of these elements, it is then incumbent on the defendant below to show by competent evidence a paramount title in herself or some third person that would overcome plaintiff's proof.    Defendant below, having wholly failed to make any such proof of paramount title in this case, either in himself or any third person, special findings by the jury could not have responded to any essential feature of the case, and hence defendant below was not injured by the court's refusal to direct the jury to make such findings.

REQUESTS to find: properly refused, when.

In the matter of the fourth assignment of error plaintiff in error relies mainly on the fact of having been taken by surprise in the matter of the testimony of a witness.    Had the lower court refused to grant defendant below a continuance

because of such surprise then this court would feel called upon to more seriously consider this question, but as no continuance was asked for by the defendant below on account of this surprise we will have to leave the party where we found her.

As to fifth and last assignment of error, we think the lower court very properly directed the jury to award all of the land in question to plaintiff below, because the evidence of plaintiff below clearly established a paramount title in such plaintiff for all of the lands in question.

The other questions in this case can be very briefly disposed of because the law is so well settled that their discussion would be fruitless. The paper writing offered in evidence by defendant below, as a foundation on which to base title, is not evidence of anything except the existence of the paper, and does not even rise to the dignity of a contract for the sale or conveyance of real estate, much less to convey title.

TITLE: evidence.

Plaintiff's title under the evidence in this case, even though it is the result of open, notorious and adverse possession of plaintiff below, her guardian and those through or under whom she held is as absolute and perfect as though it was under a direct patent from the United States government, by virtue of the statute of limitations.

Judgment of the district court affirmed, with costs and writ of possession ordered to be awarded by the judge of said district court.

Mills, C. J., Parker and McFie, JJ., concur; Crumpacker, J., did not sit in the hearing of this case.